UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

KARL CHRISTOPHER WRIGHT, III,

                      Plaintiff,

v.                                                            Case No. 20-cv-496-pp

JUDGE YAMIHIRO,

                      Defendant.
_____

**ORDER DISMISSING CASE FOR PLAINTIFF'S FAILURE TO PROSECUTE**
_____

      Plaintiff Karl Christopher Wright, III is representing himself in this 42 U.S.C. §1983 lawsuit. On March 27, 2020, the plaintiff filed his complaint, dkt. no. 1, along with a motion to proceed without prepaying the filing fee, dkt. no. 2. The Prisoner Litigation Reform Act ("PLRA") applies to this case because the plaintiff was in custody at the time he filed the complaint. 42 U.S.C. §1997e(h). Under the PLRA, a plaintiff must pay an initial partial filing fee as a condition of proceeding without prepaying the entire filing fee. 28 U.S.C. §1915(b). For the court to calculate that fee, prisoner plaintiffs must submit a certified trust account statement for the six months preceding the date they file their lawsuit. 28 U.S.C. §1915(a)(2).

      The plaintiff did not include a certified trust account statement with his motion. On March 30, 2020, the clerk's office sent the plaintiff a letter telling him that he must file that trust account statement within twenty-one days. Dkt. No. 3. On April 6, 2020, the court received from the plaintiff a copy of a printout of his commissary expenditures at the Milwaukee Criminal Justice

Facility dated February 17, 2020 and two receipts for items he'd ordered while at the Mendota Mental Health Institute. Dkt. No. 5. These documents were not trust account statements—they showed that the plaintiff *spent* some money, or ordered some items, but they did not show how much money the plaintiff had in his inmate account.

On July 8, 2020, the court issued another order, giving the plaintiff a deadline of August 8, 2020 by which to file his trust account statement for the six months preceding March 27, 2020. Dkt. No. 6. This order warned the plaintiff that if he didn't either file the trust account statement or ask for more time to do so by that deadline, the court would dismiss the case without prejudice. Id. The court mailed that order to the address that the plaintiff gave the clerk's office when he called on May 7, 2020.

The August 8 deadline passed months ago. The court hasn't heard from the plaintiff since he called to update his address in May. At that time, the clerk's office staff told the plaintiff that he needed to file a *written* change of address notice. He has not done that. The court understands that the plaintiff may not have been in custody for the six months prior to March 27, 2020. Perhaps he did not have a trust account statement. If so, he needed only to tell the court that. He has not done so. The plaintiff has failed to comply with the court's order. The court will dismiss the case without prejudice under Civil Local Rule 41(c). Because the court is dismissing the case without prejudice, the plaintiff may refile it assuming the statute of limitations has not expired and assuming that he is ready to comply with the court's rules.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin, this 6th day of November, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**